United States District Court
Southern District of Texas
**ENTERED**
June 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY BATES, | § | |
| Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-831 |
| US BANK NA, *et al*, | § § § | |
| Defendants. | § § § | |

# ORDER

Before the Court are Defendants' Motion for Summary Judgment as to Plaintiff's Claims (the "Affirmative Claims Motion") (Doc. #12), Defendants' Motion for Summary Judgment as to Its Counterclaim for Judicial Foreclosure (the "Counterclaim Motion") (Doc. #13), Plaintiff's Response to the Counterclaim Motion (Doc. #14), Defendants' Reply (Doc. #16), and Plaintiff's Amended Sur-Reply (Doc. #20). Plaintiff did not file a response to the Affirmative Claims Motion. Having reviewed the parties' arguments and applicable legal authority, the Court grants both Motions.

## I. Background

This is a foreclosure case brought by Timothy Bates ("Plaintiff") regarding real property located at 8407 Vinton Court, Houston, TX 77040 (the "Property") in the Rolling Fork neighborhood. The Property is subject to a Texas Home Equity Note and Texas Home Equity Security Instrument (the "Loan") that Virginia A. Bates, Plaintiff's mother and the original owner of the Property, executed on March 13, 2003. Doc. #21, Ex. 1 and Ex. 2. When Ms. Bates passed away in December 2010, Harris County Probate Court No. 4 named Plaintiff as the Independent Administrator and sole heir of the Estate of Virginia A. Bates. Doc. #1, Ex. 1 at 402–07. The current lender for the Loan is Defendant U.S. Bank N.A. ("U.S. Bank"), whose current loan

servicer is Defendant Shellpoint Mortgage Servicing, LLC ("Shellpoint" and collectively, "Defendants"). Doc. #21, ¶ 14; *id.*, Ex. 7.

A detailed accounting of the facts in this case can be found in the Court's March 23, 2021 Order, in which the Court granted Defendants leave to file a counterclaim for judicial foreclosure and dismissed Plaintiff's breach of contract, common law fraud, and promissory estoppel claims against Defendant U.S. Bank, as well as Texas Debt Collection Act claims against both Defendants. Doc. #15. Plaintiff's remaining claims are for breach of contract, common law fraud, and promissory estoppel against Defendant Shellpoint and for violations of the Real Estate Settlement Procedures Act ("RESPA") by both Defendants. *Id.* Defendants now move for summary judgment on Plaintiff's remaining claims and their counterclaim for judicial foreclosure. Doc. # 12 and Doc. #13. Plaintiff did not respond to the Affirmative Claims Motion, but argues that the Counterclaim Motion should not be granted because a genuine issue of material fact exists as to whether the Loan complies with the Texas Constitution. Doc. #14.

**II.      Legal Standard**

Summary judgment is proper if the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citation omitted). "Although a district court may not grant summary judgment by default simply because there is no opposition to the motion, the court may accept as undisputed the movant's version of the facts and grant [the] motion . . . when the movant has made a prima facie showing of entitlement to summary judgment." *Better Bags, Inc. v. Illinois Tool Works, Inc.*, 939 F. Supp. 2d 737, 740 (S.D. Tex. 2013). "The evidence and all inferences must be viewed in the light most favorable to the non-movant." *Rose v. Select Portfolio Servicing, Inc.*, 945

2

F.3d 226, 228–29 (5th Cir. 2019). However, "[u]nsubstantiated assertions" and "conclusory allegations are not competent summary judgment evidence and are insufficient to overcome a summary judgment motion." *Hugh Symons Grp., PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

### III. Analysis

#### a. Promissory Estoppel and Common Law Fraud

Defendants move for summary judgment on Plaintiff's promissory estoppel and common law fraud claims, arguing that Plaintiff has offered no evidence of the supposed promise that both claims are based upon. Doc. #12 at 7. Plaintiff did not respond to this argument. *See* Doc. #14. A claim for promissory estoppel requires a promise while a common law fraud claim requires a material misrepresentation. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015). Here, both claims are based on Plaintiff's assertion that an employee of Defendants or one of their predecessors promised Plaintiff he would be recognized as the borrower for the Loan if he paid the required amount and sent the necessary probate documents. Doc. #1, Ex. 1 at 359. Plaintiff has not proffered an affidavit, deposition testimony, or any other evidence supporting this assertion.[1] *See* Doc. #12 at 7; Doc. #14. In fact, Plaintiff testified that he did not send the required probate documents to the loan servicer who preceded Defendant Shellpoint. Doc. #12, Ex. 1 at 66–67. Plaintiff offers no evidence that he sent the required documents to any other lenders or servicers of the Loan. *See* Doc. #14. As such, there is no evidence upon which a reasonable jury could return a verdict for

---

[1] Though Plaintiff has not referenced the unsigned "Declaration of Timothy Bates" in response to either motion for summary judgment, the Court notes that unsigned declaration was included as an exhibit to Plaintiff's Third Amended Petition filed in state court. Doc. #1, Ex. 1 at 376–78. "[A]n unsigned affidavit is not competent summary evidence pursuant to Rule 56(e) of the Federal Rules of Civil Procedure." *Roy v. U.S. Dep't of Agri.*, 115 F. App'x 198, 200 (5th Cir. 2004). Accordingly, the Court will not consider the unsigned affidavit in resolving the Motions. *See id.*

Plaintiff on his promissory estoppel or common law fraud claims. *See Rogers*, 755 F.3d at 350.

Accordingly, the Affirmative Claims Motion is granted as to the promissory estoppel and common law fraud claims.

### b. Breach of contract

Defendants also move for summary judgment on Plaintiff's breach of contract claim, arguing that the alleged oral agreement to modify the Loan is barred by the statute of frauds. Doc. #12 at 8. Plaintiff did not respond to this argument. *See* Doc. #14. As stated above, Plaintiff has not offered any evidence of a promise, oral or otherwise, to modify the Loan. *See id*; Doc. #12 at 7. As such, the Court need not address whether such a promise could survive the statue of frauds. Plaintiff has also failed to offer any evidence of how Defendants breached their contract with Ms. Bates. *See* Doc. #14. Thus, there is no evidence upon which a reasonable jury could return a verdict for Plaintiff on his breach of contract claim. *See Rogers*, 755 F.3d at 350.

Accordingly, the Affirmative Claims Motion is granted as to the breach of contract claim.

### c. RESPA

Defendants next move for summary judgment on Plaintiff's RESPA claims, arguing that Plaintiff does not have standing to sue for RESPA violations and that the successor-in-interest provision of RESPA that Plaintiff is suing under did not come into effect until after the alleged conduct in this case occurred. Doc. #12 at 13–14. Plaintiff did not respond to either argument. *See* Doc. #14. Plaintiff alleges violations of 12 U.S.C §§ 2605(c),(e) as well as 12 C.F.R. §§ 1024.36(c),(d),(i). Doc. #1, Ex. 1 at 367–69. Section 1024.36(i) went into effect on April 19, 2018 and establishes certain requirements when a potential successor-in-interest submits a "written request" to a loan servicer. Doc. #1, Ex. 1 at 367; 12 C.F.R. § 1024.36(i). However, "[p]otential successors in interest do not have 'a private right of action . . . for claims that a servicer made an inaccurate determination about successorship status or failed to comply with § 1024.36(i).'"

4

*Dougherty v. US Bank & Tr. Nat'l Ass'n*, No. CV H-19-3037, 2020 WL 6372973, at *3 (S.D. Tex. Sept. 14, 2020) (quoting Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160-01). This is because the "protections afforded under RESPA are limited to borrowers." *Id.*; 12 U.S.C § 2605(f).

Here, Plaintiff has not offered any evidence that he is a recognized borrower under the Texas Home Equity Note, which does not reflect his name or signature. *See* Doc. #21, Ex. 1. Furthermore, even if Plaintiff had standing to sue for a violation of § 1024.36(i), he has not had offered evidence of a written request sent to the Loan's servicer after April 2018 or, alternatively, explained why this provision should be applied retroactively. *See* Doc. #14; *Covino v. Wells Fargo Bank*, No. 2:16-CV-02264, 2018 WL 4616071, at *5 n.7 (D.N.J. Sept. 26, 2018) (finding that § 1024.36(i) does not apply retroactively). As such, the Court finds that there is no evidence upon which a reasonable jury could return a verdict for Plaintiff on his RESPA claims. *See Rogers*, 755 F.3d at 350.

Accordingly, the Affirmative Claims Motion is granted as to Plaintiff's RESPA claims.

  d. **Declaratory Judgment**

Defendants also move for summary judgment on Plaintiff's declaratory judgment claim based on Plaintiff's failure to maintain a substantive cause of action. Doc. #12 at 15. Plaintiff did not respond to this argument. *See* Doc. #14. Because Plaintiff has failed to create a genuine dispute as to a material fact for any of his underlying claims, his claims for declaratory judgment must fail as well. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018).

Accordingly, the Affirmative Claims Motion is granted as to Plaintiff's claims for declaratory judgment.

### e. Counterclaim for Judicial Foreclosure

Finally, Defendants move for summary judgment as to their counterclaim for judicial foreclosure. Doc. #13. A "court may order judicial foreclosure upon proof establishing the debt and fixing the lien. To recover, a movant must prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien." *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (citations omitted). In his Response, Plaintiff did not deny that the Loan is a financial obligation secured by a lien, that the Loan is in default, or that the Property is subject to the Loan. *See* Doc. #14. Rather, Plaintiff's sole argument against judicial foreclosure is that the lien Defendants are attempting to foreclose on is void because the Loan violates Article XVI, Section 50(a)(6) of the Texas Constitution in three ways: (1) the lender did not obtain or provide an appraisal to Ms. Bates prior to executing the Loan; (2) Defendant did not obtain a Fair Market Value Acknowledgment; and (3) the Loan is for a principal amount that exceeds 80% of the fair market value of the Property. Doc. #14 at 2.

As the borrower asserting this affirmative defense, Plaintiff "carr[ies] the burden to establish that constitutional requirements were not met." *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 249 (5th Cir. 2020); *Perry v. Cam XV Tr.*, 579 S.W.3d 773, 779–80 (Tex. App.— Houston [1st Dist.] 2019). Generally, "a borrower's sworn statements at closing are *conclusive* on issues of compliance with the Texas Constitution's home equity provisions, regardless of later allegations that the statements are false." *Garcia v. Wells Fargo Bank, Nat'l Ass'n*, No. CV H-19-1144, 2021 WL 123014, at *3 (S.D. Tex. Jan. 13, 2021) (Rosenthal, J.) (emphasis in original) (citation omitted) (collecting cases).

As to the lack of an appraisal or Fair Market Value Acknowledgment, Plaintiff has not offered an affidavit, deposition testimony, or any other evidence to support his claims. *See* Doc.

6

#14, Doc. #18, and Doc. #20. Conversely, Defendants have offered a Texas Home Equity Affidavit and Agreement (the "Affidavit") signed by Ms. Bates under oath on the same day the Loan was executed. Doc. #16, Ex. 2. The Affidavit states that "[t]he Lender and each owner of the Property have signed a written acknowledgment as to the fair market value of the Property on the date the Extension of Credit is made." *Id.* ¶ T. The first page of the Affidavit also states in bold print "Do not sign this [Affidavit] until you have executed an Acknowledgment Regarding Fair Market Value, and received and reviewed the Texas Home Equity Note and the Texas Home Equity Security Instrument." *Id.* at 2. Aside from mentioning that Ms. Bates was in her seventies when she signed the Affidavit, Plaintiff offers no argument, let alone evidence, as to why the Affidavit is not "conclusive on issues of compliance with the Texas Constitution's home equity provisions." *See* Doc. #18 at 2; *Garcia*, 2021 WL 123014, at *3. As such, Plaintiff's "conclusory allegations . . . are insufficient to overcome a summary judgment motion." *See Motorola, Inc.*, 292 F.3d at 468.

As to value of the Property, Section 50(a)(6)(B) requires that an extension of credit secured by a homestead be for "a principal amount that when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." Tex. Const. Art. XVI, § 50(a)(6)(B). Plaintiff offers four exhibits as evidence that the Loan does not comply with this requirement: (1) an email from a realtor regarding the average price per square foot for homes in the Rolling Fork neighborhood in 2000; (2) data allegedly from HAR.com for the median price per square foot for Rolling Fork homes from 1997 to 2019; (3) the first page of a Deed of Trust for the Property executed in 1991; and (4) the first two pages of a Texas Home Equity Security Instrument for the Property executed in 2000. Doc.

7

#14, Ex. 1; *id.*, Ex. 2; Doc. #20, Ex. 1; *id.*, Ex. 2. Plaintiff argues that these exhibits create a genuine issue of material fact as to the value of the Property. Doc. #14 at 3–4.

Not only has Plaintiff conceded that an appraisal of the Property has not been offered as evidence in this case, but in addition, the data proffered by Plaintiff is not specific to the Property and the data from the realtor is for the year 2000—three years prior to the Loan being executed.[2] *Id.*; *id.*, Ex. 1 and Ex. 2. And while the latter two exhibits may be admissible as public records, Plaintiff has not offered any evidence as to the relevant question for compliance with the Texas Constitution: whether there was an outstanding principal balance for either debt when the Loan was executed. *See* Doc. #14; Doc. #20; Tex. Const. Art. XVI, § 50(a)(6)(B). Conversely, the Affidavit states that the Loan was for "a principal amount that, when added to the aggregate total of the outstanding principal balances of other indebtedness secured by valid encumbrances of record against the Property, does not exceed eighty percent (80%) of the fair market value of the Property on the date the Extension of Credit is made." Doc. #16, Ex. 2 ¶ E. Because Plaintiff has not offered any evidence specific to the value of or outstanding debt for the Property in 2003 and the Affidavit is "conclusive on issues of compliance with the Texas Constitution's home equity provisions," the Court finds that Plaintiff has failed to create a genuine issue of material fact regarding whether the Loan complies with the Texas Constitution. *See Garcia*, 2021 WL 123014, at *3; *Priester*, 832 F. App'x at 249.

Accordingly, the Motion is granted as to Defendants' counterclaim for judicial foreclosure.[3]

---

[2] Additionally, Plaintiff has not explained the inconsistencies between the two data sets, such as the number of homes sold in 2000 or the median price per square foot the same year. *See* Doc. # 14, Doc. #18, and Doc. #20.

[3] Defendants also filed a Motion to Strike the two exhibits Plaintiff attached to his Response. Doc. #17. Because the Court finds Plaintiff's evidence insufficient to defeat summary judgment, the Motion to Strike is DENIED as Moot.

## IV. Conclusion

For the foregoing reasons, the Affirmative Claims Motion (Doc. #12) and Counterclaim Motion (Doc. #13) are hereby GRANTED. Plaintiff's claims against Defendants are dismissed and Defendants' counterclaim for judicial foreclosure is granted. As such, Defendants are ordered to submit a proposed order of foreclosure within 14 days of the entry of this Order.

It is so ORDERED.

JUN 0 9 2021
Date

The Honorable Alfred H. Bennett
United States District Judge