Case 4:20-cv-00831   Document 28   Filed on 10/14/21 in TXSD   Page 1 of 4
Case 4:20-cv-00831   Document 27-2   Filed on 08/20/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF VIRGINIA A. BATES—DECEASED AND TIMOTHY BATES, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00831 |
| U.S. BANK, N.A. AND SHELLPOINT MORTGAGE SERVICING, LLC, | § § § § | |
| *Defendants.* | § § | |

## ORDER FOR FORECLOSURE

On June 9, 2021, the Court granted Defendants U.S. Bank, N.A. and Shellpoint Mortgage Servicing, LLC's ("Defendants") Motion for Summary Judgment as to Plaintiff's Claims (Doc. 12) and Defendants' Motion for Summary Judgment as to its Counterclaim for Judicial Foreclosure (Doc. 13).[1] The Court therefore find the following:

1. Defendants' Counterclaim for Judicial Foreclosure is an *in rem* proceeding;

2. On March 13, 2003, Virginia Bates executed a Texas Home Equity Note (the "Note") and Texas Home Security Instrument (the "Security Instrument") (collectively, the "Loan Agreement"). The Security Instrument was recorded in the Official Public Records of Real Property of Harris County, Texas as document number 100096874 on March 24, 2003;

3. The Security Instrument encumbers the real property located at 8407 Vinton Court, Houston, Texas 77040 (the "Property") and more particularly described as:

> LOT SIX (6) IN BLOCK SIX (6), OF PARTIAL REPLAT OF ROLLING FORK, SECTION FIVE (5), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF FILED IN VOLUME 311, PAGE 92 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

---

[1] The Court's Order is listed as Document No. 24.

4.	The party authorized to enforce the terms of the Security Instrument is Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint");

5.	Virginia Bates died on December 2, 2010 and thereafter, her son Timothy Bates was appointed the Independent Administrator of the Estate of Virginia Bates;

6.	Timothy Bates was determined to be the sole heir of Virginia Bates by the Probate Court No. 4 of Harris County, Texas on February 1, 2012;

7.	The Loan Agreement is in monetary default;

8.	The amount owed pursuant to the Loan Agreement is at least $153,956.85 as of June 30, 2021, with interest accruing at the per diem rate of $14.95 through the date of this Order. This amount consists of $75,394.71 in outstanding principal balance, with $34,509.88 in interest, $15,132.89 in fees, and $28,899.37 for escrow, as reflected in the **Exhibit A**, Payoff as of June 21, 2021 and **Exhibit B**, Escrow Analysis. The escrow deficiency is a result of Defendants making property tax payments and purchasing lender placed insurance to protect the Property;

9.	The requisite notices to cure the default and accelerate the maturity of the debt under the Security Instrument, Texas Property Code § 51.002, and applicable law have been given to each person or entity obligated under the Loan Agreement, and the opportunity to cure has expired; and

10.	Prior to the filing of Defendants' Counterclaim, all actions required by applicable law and the lien sought to be foreclosed have been performed.

Considering the foregoing, it is therefore,

11.	ORDERED that Shellpoint, or its successors or assigns, is entitled to a Judicial Foreclosure Judgment (hereinafter "Judgment") allowing it to proceed with a judicial foreclosure

sale under the terms of the Note, Security Instrument, Texas Property Code § 51.002, Texas Rule of Civil Procedure 309, Texas Constitution art. XVI § 50(a)(6), and applicable law with respect to the secured Property; it is further,

12. ORDERED the amount owed pursuant to the Loan Agreement is at least $153,956.85 as of June 30, 2021, with interest accruing at the per diem rate of $14.95 through the date of this Order and that, pursuant to Texas Finance Code § 304.002, pre-judgment interest shall accrue on the balance at a rate 8.8% as evidenced by the Texas Home Equity Note. Shellpoint, or its successors or assigns, is awarded attorney's fees and costs as provided by the Loan Agreement, to be added on to the foreclosure amount. Shellpoint, or its successors or assigns, will have a credit bid toward the purchase of the Property in accordance with the above. However, Shellpoint, or its successors or assigns, may bid a lesser amount at its discretion. It is further,

13. ORDERED that Shellpoint, or its successors or assigns recover the amount owed under the Loan Agreement with a foreclosure of the Loan Agreement against the Property and an order of sale shall issue to any Sheriff or Constable within the State of Texas directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the Judgment. It is further,

14. ORDERED this Judgment shall have all the force and effect of a writ of possession as between the Parties to this suit and also as to any person claiming a right in the Property that was acquired pending this suit. The Sheriff, Constable, or other officer executing this Judgment sale shall proceed by virtue of such Judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale. It is further,

15. ORDERED that if the proceeds of sale are insufficient to satisfy the Judgment, the Sheriff or Constable may not execute against any real or personal property of the Plaintiffs. It is further,

16. ORDERED that if the Property is sold for cash, the Sheriff or Constable conducting the sale shall deduct out of the proceeds of the foreclosure sale his/her reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the terms of the Loan Agreement. If the Property is sold to the mortgagee pursuant to a credit bid, Shellpoint, or its successors or assigns, must pay the Sheriff or Constable his/her reasonable fees and costs before recording the foreclosure deed. If any sales proceeds remain, they may be distributed then to inferior lienholders in order of lien priority and then to Plaintiff in compliance with applicable law. ~~It is further~~,

OCT 1 2 2021
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge