IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESTATE OF VIRGINIA A. BATES— § <br> DECEASED AND TIMOTHY BATES, § <br>    Plaintiffs/Counter-Defendants, § <br> § <br> v. § <br> § <br> U.S. BANK, N.A. AND SHELLPOINT § <br> MORTGAGE SERVICING, LLC, § <br>    Defendants/Counter-Plaintiffs. § | Civil Action No. 4:20-cv-00831 |

**DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO CORRECT FINAL JUDGMENT AND BRIEF IN SUPPORT**

Defendants/Counter-Plaintiffs, U.S. Bank, N.A. and Shellpoint Mortgage Servicing, LLC file this their Motion to Correct Final Judgment and Brief in Support to clarify the intention of the judgment, and respectfully show as follows:

**I.**

1.  Plaintiffs/Counter-Defendants are the Estate of Virginia A. Bates, Deceased and Timothy Bates ("Plaintiffs" herein). Defendants/Counter-Plaintiffs are U.S. Bank, N.A. and Shellpoint Mortgage Servicing, LLC ("Defendants" herein).

2.  On or about July 8, 2020, Defendants brought a counterclaim for foreclosure "request[ing] a court order allowing it to proceed with foreclosure of the Property in accordance with applicable law and the terms of the loan agreement, contact, or lien sought to be foreclosed." [ECF No. 10, Ex. 1 ¶18].

3.  On or about February 24, 2021, Defendants filed their Motion for Summary Judgment as to Plaintiffs' claims and Defendants' Counterclaim for Foreclosure. [ECF. Docket Nos. 12, 13]. On or about June 9, 2021, the Court granted Defendants' Motion for Summary

Judgment as to Plaintiffs' claims and Defendants' Motion for Summary Judgment as to their Counterclaim for Foreclosure. [ECF Docket No. 24].

4. The Order for Foreclosure ("Order" or "Final Judgment") was entered on October 14, 2021. [ECF Docket No. 28]. However, the Order is ambiguous as it contains conflicting provisions concerning the relief awarded. Specifically, the Order authorizes non-judicial foreclosure entitling Shellpoint Mortgage Servicing LLC to foreclose "under the terms of the Note, Security Instrument, Texas Property Code §51.002. . ." [ECF No. 28 ¶11]. However, the Order also authorizes judicial foreclosure, but fails to clearly conform to the requirements for an order allowing judicial foreclosure under Texas law. *See* TEX. R. CIV. P. 309. The purpose of this Motion is not to seek additional relief; rather, Defendants file this Motion to Modify to clarify the intention of the judgment.

## II.

5. Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." FED. R. CIV. P. 60(a). Rule 60(a) "applies to all clerical miscues, trivial and important alike," including those that "unsettle expectations" and "have significant effects." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011) (quoting *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986)). "The question is whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Rivera* 647 F.3d at 199.

6. "Under Texas law, lenders have a substantive right to elect judicial or non-judicial foreclosure in the event of a default." *Douglas v. NCNB Texas Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). To trigger an election of remedies, one must elect, pursue *and obtain* a remedy,

then later attempt to assert a different, inconsistent one. *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex. 1980). In this case, judicial foreclosure has not yet occurred.

7. A judgment of foreclosure must provide "that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property." Tex. R. Civ. P. 309.

8. Under Rule 309 of the Texas Rules of Civil Procedure, an Order of Judicial Foreclosure must adhere to the following requirements:

> Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, except in judgments against executors, administrators and guardians, that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions. Tex. R. Civ. P. 309.

9. The court must issue an order of sale to give effect to a judgment of foreclosure. *Woodglen Homeowners Ass'n v. Odom*, 452 S.W.3d 489, 490–491 (Tex. App.—San Antonio 2014, no pet.) (foreclosure can only occur if property is sold, so trial court erred in entering judgment of foreclosure without also granting order of sale). The Order fails to clearly provide recovery of the debt and foreclosure of the lien in accordance with Rule 309. By "oversight or omission," the Order fails to clearly conform to the requirements under Texas law. TEX. R. CIV. P. 309.

10. Defendants seek to modify the Final Judgment to explicitly authorize them to proceed with foreclosure under the Security Instrument and Texas Property Code 51.002. "To non-judicially foreclose under a security instrument with a power of sale, Texas law requires the lender (or the lender's assignee) to demonstrate: (1) a debt exists; (2) the debt is secured by a lien; (3) the borrowers are in default under the note and security instrument; and (4) the

borrowers received notice of default and acceleration." *Santiago v. Cent. Mortg. Co.*, No. 05-14-00552-CV, 2015 Tex. App. LEXIS 4005, 2015 WL 1805048, at *7 (Tex. App.—Dallas Apr. 21, 2015, pet. denied) (mem. op.) (affirming judgment authorizing nonjudicial foreclosure of home-equity lien). The Court has previously adjudicated that Defendants are entitled to foreclose under the terms of the Security Instrument and Section 51 of the Texas Property. [ECF Nos. 24, 28] Granting this Motion adds "necessary directions for carrying the judgment into effect." *See Cananda v. Wells Fargo Bank, N.A.,* 2-07-437-cv, 2009 WL 279379, at *2 (Tex. App.—Fort Worth, Feb 5, 2009, no pet.).

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Correct the Final Judgment and issue an Amended Final Judgment. Defendants also pray for all relief, whether at law or in equity, to which they are justly entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
  **MARK D. CRONENWETT**
  Attorney in Charge
  Texas Bar No. 00787303
  Southern District Bar No. 21340
  mcronenwett@mwzmlaw.com

  **NICHOLAS M. FRAME**
  Of Counsel
  Texas Bar No. 24093448
  Southern District Bar No. 3121681
  nframe@mwzmlaw.com

  **MACKIE WOLF ZIENTZ & MANN, P. C.**
  14160 North Dallas Parkway, Suite 900
  Dallas, TX 75254
  Telephone: (214) 635-2650
  Facsimile: (214) 635-2686
  *Attorneys for Defendant, U.S. Bank, N.A. and Shellpoint Mortgage Servicing, LLC*

## CERTIFCATE OF SERVICE

I hereby certify that on November 19, 2021, a true and correct copy of the foregoing was served via ECF service on the following counsel:

Eric DeLaRue
Law Office of Eric DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
*Attorney for Plaintiffs/Counter-Defendants*

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 16, 2021, I attempted to confer Eric DeLaRue, counsel for Plaintiffs/Counter-Defendants. Mr. DeLaRue did not respond indicating whether he was opposed or unopposed to the relief requested. As such, this Motion is filed as opposed. In the event that Mr. DeLaRue responds before a ruling on this Motion, I will amend this certificate of conference.

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**